IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

SCOTT THOMASON                                                                                    PLAINTIFF

V.                                              NO. 4:12-CV-4155

STEVE RANDALL,
WARREN HANSON,
STEVE FALER,
SWS ENGRAVING, L.L.C, and
AMERICAN LEGACY FIREARMS, INC.                                                      DEFENDANTS

**ORDER**

Before the Court is Plaintiff's Motion to Strike. (ECF No. 92). Defendants have responded. (ECF No. 98). The Court finds the matter ripe for consideration.

Plaintiff asks this Court to strike from the record the depositions and documents the Defendants attached to their Motions for Summary Judgment. (ECF Nos. 43 & 89). Defendants attached numerous documents and the depositions of Plaintiff Scott Thomason and Defendants Steve Randall, Warren Hanson, and Steve Faler to their Motions for Summary Judgment. Plaintiff contends these depositions and documents are not properly authenticated.

**1. Depositions**

Plaintiff maintains that the depositions that are attached to the Defendants' Motions for Summary Judgment are improperly authenticated because they do not contain the court reporter's certification or an attorney's affidavit of authenticity. (ECF Nos. 48 & 49, Ex. Nos. 17-20). He asserts that entire copies of the depositions were mailed to the Court, but copies were not mailed to Plaintiff. Furthermore, Plaintiff argues that the depositions contain many statements to which timely objections were made, and these statements are inadmissible at trial.

1

Defendants maintain that the depositions are authenticated and the Plaintiff was already in possession of copies of the depositions when the Defendants mailed hard copies to the Court.

Federal Rule of Civil Procedure 30(f) requires a court reporter to certify a deposition in writing, and the court reporter's certificate must accompany a record of the deposition. Defendants originally attached the depositions without signed court reporter's certificates, however, since Plaintiff filed this Motion, Defendants have supplemented the depositions with executed court reporter certificates (ECF Nos. 101-106). Therefore, the Court finds that they are properly authenticated.

Local Rule 7.3 provides that attorneys shall not communicate in writing with the Court concerning any pending case unless copies of the writing are served on all other parties in the case. District Courts have broad discretion in the enforcement of local rules. *Reasonover v. St. Louis Cnty., Mo.*, 447 F.3d 569, 579 (8th Cir. 2006). Here, after encountering trouble uploading the depositions to the Court's CM/ECF system, Defendants mailed courtesy copies of the entire depositions to the Court without mailing copies to Plaintiff. Plaintiff already possessed the original depositions for three of the deponents and a copy of the fourth deposition. The same deposition transcripts that were mailed to the Court on August 27, 2014 appeared on the CM/ECF system by September 8, 2014. The Plaintiff has not been prejudiced by Defendant's failure to send copies of the depositions, which Plaintiff already possessed. Thus, the Court declines to strike the depositions on these grounds.

At the summary judgment stage, the standard for the consideration of evidence is not whether the evidence would be admissible at trial, but whether it could be presented at trial in an admissible form. *See* Fed. R. Civ. P. 56(c)(2); *Gannon Int'l, Ltd. v. Blocker*, 684 F.3d 785, 793 (8th Cir. 2012). There are objections that were timely raised in the depositions, however, this

does not dictate that the Court strike the entire depositions from the record. The Court is capable of evaluating the objections and whether the evidence could be presented in an admissible form at trial, and has done so accordingly.

For the reasons explained above, Plaintiff's Motion to Strike the depositions is denied.

**2. Documents**

Plaintiff contends that the Defendants rely on fifteen documents (ECF No. 43, Ex. Nos. 1-13, 15-16) that were not properly authenticated. Defendants argue that most of the exhibits were authenticated during the depositions and the others do not require authentication under the Federal Rules of Evidence. "To be considered on summary judgment, documents must be authenticated by and attached to an affidavit made on personal knowledge setting forth such facts as would be admissible in evidence or a deposition that meets the requirements of Fed.R.Civ.P. 56(e)." *Shanklin v. Fitzgerald*, 397 F.3d 596, 602 (8th Cir. 2005). The Court will go through the documents and evaluate whether they have been authenticated.

   **i. Exhibits 1-3, 5-7, 9-10, 12, 15-16**

Exhibits 1, 2, 3, 9, 12, and 15 were sufficiently authenticated in Scott Thomason's deposition. Exhibits 5-7 were authenticated in Steve Faler's deposition. Exhibits 10 and 16 were authenticated in Steve Randall's deposition. The Court finds Exhibits 1-3, 5-7, 9-10, 12, and 15-16 authenticated and admissible.

   **ii. Exhibit 4**

Exhibit 4 is a check that Scott Thomason wrote to the United States Treasury. It has not been authenticated, and Defendants agree with Plaintiff that the Court should strike it from the record. Therefore, Plaintiff's Motion to Strike Exhibit 4 is granted.

   **iii. Exhibits 8 & 13**

Exhibit 8 is the Articles of Incorporation for 3:16 Engravings, LLC ("3:16") obtained from the Arkansas Secretary of State. Exhibit 13 is the Certificate of Status from the Arkansas Secretary of State. These documents are signed and sealed by the Arkansas Secretary of State and are certified copies of public records. They are self-authenticating under Federal Rule of Evidence 902. Therefore, the Court finds Exhibits 8 and 13 authenticated and admissible.

    iv.  **Exhibit 11**

Exhibit 11 is a notification from 3:16 to the Arkansas Department of Workforce Services. This document was authenticated by the affidavit of Christina L. McJunkins, who served as the bookkeeper for 3:16 Engraving, LLC. (ECF No. 67, Ex. KK). She personally prepared and submitted the form to the Department of Workforce Services. Therefore, Exhibit 11 has been authenticated and is admissible.

For the reasons stated above, the Court finds that Plaintiff's Motion to Strike (ECF No. 92) should be and hereby is **GRANTED IN PART** and **DENIED IN PART**. The Court strikes Exhibit 4 to the Defendants' Motion for Summary Judgment (ECF No. 43, Ex. 4) from the record. All other Exhibits attached to Defendants' Motions for Summary Judgment remain part of the record.

  **IT IS SO ORDERED**, this 18th day of December, 2014.

                /s/ Susan O. Hickey
                Susan O. Hickey
                United States District Judge